## ROSE *v.* JONES.

[78 South. 771, Division B.]

1. APPEAL AND ERROR. *Review. Commissioner's report.*
   The supreme court, on appeal, will not disturb a commissioner's report, confirmed by a chancellor's decree unless a clear showing is made to the contrary.

2. EXECUTORS AND ADMINISTRATORS. *Interest on property withheld.*
   Where the executor of a deceased partner illegally detains partnership assets and refuses to deliver possession to the surviving

partner, when ordered to do so, he is chargeable with interest and dividends on the money and stock so withheld.

3. PARTNERSHIP. *Death of partner. Obligation of surviving partner.*
If a surviving partner, after ascertaining the amount that should be distributed and paid over to the representative or heirs of the deceased partner, delays unnecessarily to pay over money belonging to the estate of the deceased partner, interest is properly allowed against the surviving partner.

4. PARTNERSHIP. *Bond of surviving partner. Premiums on bond.*
Under Code 1906, section 2029 (Hemingway's Code, section 1694), providing that any fiduciary ordered by court to furnish bond may include the premium therefor in the expenses of executing the trust, the premium on the bond of a surviving partner is a proper charge against the partnership property.

5. APPEAL AND ERROR. *Time for appeal.*
An appeal to the supreme court from a decree overruling a motion to dissolve an injunction will not be considered where not taken within two years from the date of the decree.

APPEAL from the chancery court of Leflore county. HON. JOE MAY, Chancellor.

Suit by Mrs. M. V. Jones, revived on her death in the name of Mrs. M. S. Rose, executrix, against D. S. Jones, executors and others. From a decree Mrs. M. S. Rose, executrix, appeals, and defendants cross-appeal.

The facts are fully stated in the opinion of the court.

*Tim E. Cooper* and *Gwin & Mounger,* for appellant.

*Monroe McClurg, Coleman & McClurg* and *E. L. Brown,* for appellant.

STEVENS, J., delivered the opinion of the court.

This is a suit in equity originally filed by Mrs. M. V. Jones, widow and surviving partner of B. L. Jones, deceased, against D. S. Jones, the executor of the said B. L. Jones, deceased, and the other brothers and

sisters of B. L. Jones, legatees and devisees under the last will and testament of the deceased. This suit was before this court on bill and demurrer, and the material facts outlined in the bill and in the opinion of the court will be found in 99 Miss. 600. The case is again before us on direct and cross-appeal. Mrs. Rose, as the executrix of Mrs. M. V. Jones, deceased, in her direct appeal has filed twenty-eight assignments of error, presenting to this court various exceptions filed to the commissioner's report and to the decree of the chancellor confirming and approving the commissioner's report. Several assignments are also presented on cross-appeal, challenging the correctness of the commissioner's report. The essential rights of the parties and the main issues of this case were settled by a consent decree rendered October 20, 1911. Much could be written in stating the consent decree, the controversies growing out of this decree, and the conclusions we reach upon the various assignments. As stated by counsel:

"This suit is in reality a number of suits, each involving not inconsiderable amounts."

But a discussion of the various assignments would be burdensome and without profit. Some questions are presented that are at least debatable, but, this being an appeal from a final decree confirming, with certain modifications, the report of a competent commissioner, we are justified in giving to the commissioner's report and to the decree confirming the same that sympathetic regard to which they are justly entitled, and to indulge the presumption that the conclusions there reached, both as to the law and the facts, are correct, unless a clear showing to the contrary is presented. There is only one point which we desire to discuss, and this is presented under the eighth and ninth assignments, challenging the correctness of the commissioner's report in failing to charge D. S. Jones as executor, or the legatees of B. L. Jones, with in-

terest on the cash belonging to the firm of B. L. and M. V. Jones, or interest upon dividends received on corporate stocks belonging to the partnership. In discussing this point it will be necessary to refer briefly to the consent decree and the prominent facts. The decree establishing the rights of the parties recites:

"First. That B. L. and M. V. Jones were joint partners in all business transacted by them, or either of them, during the life of B. L. Jones, whether in the name of B. L. and M. V. Jones, of B. L. Jones, or of B. L. Jones and any one else, and that all business of any nature transacted by B. L. Jones was on account of said partnership.

"Second. That the interest of the said M. V. Jones and B. L. Jones in said partnership affairs was equal; each being entitled to an undivided one-half.

"Third. That, with the exceptions hereinafter stated, all real and personal property, including bonds, stocks, choses in action, money, and credits, standing in the name of B. L. and M. V. Jones, of M. V. Jones, or of B. L. Jones, was the property of said partnership, and shall be distributed as such, and also that all interests in any other firms or partnerships held in the name of B. L. Jones, or of B. L. and M. V. Jones belonged to said partnership; also that all stocks, bonds, money, real and personal property, described in the bill of complaint and amended bill in this cause, were, at the time of the death of B. L. Jones, the property of the said partnership."

It appears that at the time of Mr. Jones' death the partnership assets consisted of valuable plantations equipped and in cultivation, of corporate stocks, a half interest in a cash store business operated under the firm name of D. S. Jones & Co., an interest in the plantation store business of B. L. and D. S. Jones, a ginning business conducted by the last-named firm, a ginning business under the firm name of Jones & Ethridge, and in all of this partnership business Mrs. M. V. Jones, the

original complainant herein, was an active partner. B. L. Jones was the husband of the complainant, and the two were partners in all business operated either in the name of both or in the name of B. L. Jones. The existence of this partnership was well known to D. S. Jones, the eldest brother and executor of B. L. Jones. B. L. Jones by his last will and testament devised and bequeathed his property to his brothers and sisters, and immediately upon the death of Mr. Jones in August, 1908, at Spring City, Tenn., the brothers and sisters cashed certain certified checks for ten thousand dollars each, amounting to fifty thousand dollars, given them by Mr. Jones prior to his death and drawn on partnership assets, and they caused three hundred and thirty three shares of the capital stock of the First National Bank of Greenwood, two hundred shares of the stock of Greenwood Savings Bank, all constituting partnership stocks, to be transferred to themselves on the books of the banks and new certificates to be issued. They made claim to the assets of the firm, and at first denied the existence of the partnership. D. S. Jones, the eldest brother, was made executor without bond, and he proceeded to qualify and to take possession of the plantations, live stock, the growing crops, fifty-five thousand nine hundred and thirty-three dollars and seventy-three cents cash on deposit in banks, in addition to the fifty thousand dollars drawn out under the checks mentioned. Mrs. M. V. Jones, the widow, owned an estate approximately equal in value to the estate of her deceased husband. She renounced the will of her husband, under which she received an insignificant legacy, but by her petitions, seasonably presented, claimed the right to administer all of the partnership assets as surviving partner. The chancellor in 1908 rendered a decree authorizing the complainant to qualify as the surviving partner and to administer the assets of the partnership, and fixed her bond as surviving partner at two hundred thousand dollars. She was by this decree authorized to

take charge of the plantations owned jointly by B. L. and M. V. Jones, and upon which there were growing crops, and to cultivate, gather, and market these crops, and D. S. Jones, executor, was directed to deliver over to her "all assets in his possession or under his control belonging to said partnership composed of Ben L. Jones and M. V. Jones, to be administered by her." The complainant gave the bond required, and demanded possession, but it appears that her right to the possession of cash, corporate stocks, and much of the live stock was questioned; that she was forcibly dispossessed of certain of the live stock; that she was refused access to the books, and that this attitude of D. S. Jones as executor led to the institution of the present suit to recover the assets of the firm and to administer the same. Notwithstanding the rendition of the decree of October 20, 1911, adjudging the existence of an equal partnership between Ben L. Jones and his wife, D. S. Jones, as executor, refused to account for the money and stocks under this decree and did not surrender possession until the complainant by supplemental bill prayed for and obtained a mandatory injunction, requiring him and the other legatees to pay over and account for these moneys, stocks, and other property of the partnership. The complainant by her eighth and ninth assignments of error asks that they account for interest on the money and dividends thus knowingly and forcibly withheld from her as surviving partner for several years. The commissioner declined to charge any interest against the executor on this cash money and dividends, holding "that the circumstances under which such funds came into his possession and were held by him, together with the entire record as made up in this cause, did not justify or demand any charge of interest."

We are justified in the conclusion that D. S. Jones, as executor, and his brothers and sisters knew of the partnership, and that the executor knowingly and willfully declined to deliver over the moneys and stocks

which the complainant, as surviving partner, had the first and exclusive right to administer upon. The allowance of interest as damages or for the violation of a duty must be governed by the peculiar facts of each case. In *Whitfield* v. *Whitfield,* 40 Miss. 352, our court stated:

"That in actions for taking and detaining personal property, where no question of fraud, malice, oppression (or willful wrong, either in the taking or detention) intervenes, the measure of damages is the value of the property at the time of the taking, or conversion, or illegal detention, with interest thereon to the time of trial; and this is a rule of law, to be decided by the court."

There was, strictly speaking, no illegal conversion by D. S. Jones, as executor, but under the facts of the record there was an "illegal detention," a conscious withholding of moneys and stocks that should promptly have been turned over to the complainant in this cause. Mrs. Jones was the absolute owner of an undivided one-half interest in all moneys, stocks, and dividends declared thereon. She was chargeable with these assets on her bond as surviving partner, and after her qualification as surviving partner it was her duty to take over these funds and properly administer upon and account for the same. In the consent decree in this cause, the fact is recognized that Mrs. Jones is here suing as much for her own benefit as she is for the benefit of the partnership, and, as stated in the consent decree, "all parties are *sui juris,*" and "it is ordered that the matters of account touching the said partnership assets and the rents, issues, income, and profits thereof may be adjusted by the parties by convention, if a satisfactory result can be reached by them, and, if such result and adjustment can be made, then that the parties may pass receipts, respectively, and file the same as vouchers in this court." But should the parties fail to agree upon the details of the account, it was ordered "that accounts be filed by them, respectively, in this court within thirty days,"

and "that a final adjustment of the matters involved shall be made during the current year." If the surviving partner, after ascertaining the amount that should be distributed and paid over to the representative or heirs of the deceased partner, delays unnecessarily to pay over money belonging to the estate of the deceased partner, interest is properly allowed against the surviving partner. This is the holding of the supreme court of the United States in *Consaul* v. *Cummings*, 222 U. S. 262, 32 Sup. Ct. 83, 56 L. Ed. 192. We see no reason why the rule should not work both ways, and why D. S. Jones, executor, should not be charged with interest upon large sums erroneously withheld from the surviving partner. There was no legal excuse or justification for withholding these moneys and stocks. Instead of turning over these funds to the surviving partner, he placed every obstacle in the way, and resorted to the law's delays, requiring the complainant to resort to the checkered course of a long chancery suit and to rely upon the mandatory process of the courts. In our judgment, it was error to disallow the claim for interest. In allowing this interest, however, due regard should be had to the fact that one-half of the interest and profits upon partnership assets belongs to the estate of B. L. Jones, deceased, and on that account the chancellor would be justified in limiting recovery of interest to the undivided one-half thereof belonging to Mrs. Jones individually, and in directing that D. S. Jones, executor, pay one-half of any proper recovery thereof. Inasmuch as the chancellor allowed no interest on cash on deposit other than interest upon the fifty thousand dollars disbursed on checks, and allowed no interest upon dividends declared and collected upon corporate stocks, we shall not now decide what amount of interest should properly be allowed, but shall leave this question to be handled anew by the chancellor. There was no delay on the part of Mrs. Jones as surviving partner in disburs-

ing moneys coming into her hands. The other assignments on direct appeal will be overruled.

None of the cross-assignments, in our judgment, are well taken. We have given special consideration to the assignment challenging the allowance of seven hundred and fifty dollars premium upon Mrs. Jones' bond as surviving partner. Under the language of the consent decree and our statute (section 2029, Code of 1906, section 1694, Hemingway's Code) we think the chancellor was justified in allowing this item as a part of the "lawful expense of executing this trust."

To the extent indicated, the decree of the learned chancellor will be reversed on direct appeal and affirmed on cross-appeal. Indeed the motion to dismiss the cross-appeal, so far as it attempts to appeal from the decree overruling the motion to dissolve the injunction, and rendered in March, 1912, should be sustained, no appeal having been applied for or taken from this decree within two years from the date thereof. So far as the cross-assignments attack the correctness of the final decree confirming the commissioner's report, we entertain jurisdiction, and have given due consideration to the several alleged errors.

*Reversed in part and remanded on direct appeal and affirmed on cross-appeal.*